UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSE LUIS AYALA-SANTIAGO and
ROSA ISELA REYES-MARTINEZ,

      Plaintiffs,

v.                                                                                                  2:21-cv-00737-DHU-LF

JAMES DARREL SMITH,
CHARLES RANDAL DAVIS,
FED EX CORPORATION,
FED EX GROUND PACKAGE SYSTEM, INC.
ADRY LEE MUSE,
STAR TRANSPORT, LLC,
BIG STAR TRANSPORTATION, LLC
FREDY ALVARADO,
KARLA MICHELLE CADDELL,
IRIS NATHALIE CORVERA,
MICHEAL DERRIAL LOPER, AND
COLDIRON SPECIALIZED DRIVEAWAY, INC.

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS WITHOUT PREJUDICE,
GRANTING PLAINTIFFS' REQUEST FOR JURISDICTIONAL DISCOVERY
AND REFERRING MATTER TO MAGISTRATE JUDGE FOR DISCOVERY**

      This matter is before the Court on Defendant FedEx Corporation's Motion to Dismiss and Memorandum in Support of its Motion to Dismiss Plaintiffs' Claims Against FedEx Corporation Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2) or, in the Alternative, Motion to Drop FedEx Corporation as Party Pursuant to Fed. R. Civ. P. 21.  Doc. 18.  Plaintiff responded in opposition, or alternatively, moved this Court for "an order permitting jurisdictional discovery regarding the assertions made in Defendant FedEx Corporation's Rule 12(b)(2) Motion to Dismiss."  Doc. 29 at 1.  Defendant FedEx Corporation replied, Doc. 44, and filed a notice of completion of briefing. Doc. 45.

1

Having considered the briefs, relevant law, and being fully informed of the premises, the Court finds that there are unresolved factual disputes concerning personal jurisdiction over Defendant FedEx Corporation. Therefore, the Court grants Plaintiffs' request for jurisdictional discovery, denies Defendant FedEx Corporation's Motion to Dismiss without prejudice, and refers the matter to the Magistrate Judge assigned to this case to preside over the jurisdictional discovery process.

## BACKGROUND

This matter arises from a motor vehicle accident that occurred on Interstate 10 in Hidalgo County, New Mexico on July 13, 2018. In July 2021, Plaintiffs filed suit in New Mexico state court. Shortly thereafter, Defendant FedEx Ground Package System removed the complaint. Plaintiffs' complaint includes two counts against FedEx Corporation alleging negligence and negligence per se. Plaintiffs' complaint brings this action against both FedEx Corporation and FedEx Ground Package System, Inc.

Defendant FedEx Corporation moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6) and for lack of personal jurisdiction under Fed. R. Civ. Pro. 12(b)(2), or in the alternative, to drop Defendant FedEx Corporation as a party under Fed. R. Civ. P. 21. Defendants argued that:

> FedEx Ground and FedEx Corp. are separate and distinct entities, and none of the proper party defendants have any contractual or principal-agent relationship with FedEx Corp that would subject FedEx Corp to this Court's jurisdiction.

Doc. 18 at 12.

Plaintiffs responded in opposition to the dismissal motion and requested the Court deny the motion on all bases. Alternatively, Plaintiffs requested jurisdictional discovery regarding:

> Defendant FedEx Corporation's relationships with the other Defendants in this case, including theories of respondeat superior, agency, right of control, apparent authority, alter ego, joint enterprise, piercing corporate veil, and other theories of vicarious liability which would render the activities of those Defendants attributable to Defendant FedEx Corporation. Plaintiffs would also request discovery regarding Defendant FedEx Corporation's direction and/or control over the transportation services and route driven by Defendant Davis at the time of the collision.

Doc. 29 at 9. Plaintiffs request the Court enter an order allowing for ninety days of jurisdictional discovery, or some other reasonable period of time, and that the Court stay its ruling on Defendant's Rule 12(b)(2) motion until jurisdictional discovery is completed.

In its reply, Defendant FedEx Corporation opposed Plaintiffs' request for jurisdictional discovery. Defendant FedEx Corporation argued that Plaintiffs have not stated with specificity what facts could be obtained through jurisdictional discovery. Defendant FedEx Corporation attached declarations from Shahram A. Eslami, a Staff Vice President for Securities and Corporate Law at FedEx Corp and Jennifer DeSouza, the Staff Director of Executive Compensation for Defendant FedEx Corp. Defendant argues these declarations make additional discovery futile and a waste of time and resources.

## DISCUSSION

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975). "District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (citing *Budde*, 511 F.2d at 1035). "A district court abuses its discretion in denying a jurisdictional discovery request where the denial prejudices the party seeking discovery." *Id.* (citation omitted). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted

... or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation omitted). However, "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants" jurisdictional discovery. *Dental Dynamics, LLC*, 946 F.3d at 1234. (citation omitted). "The party seeking discovery bears the burden of showing prejudice." *Id.* at 1233.

The Court concludes that Plaintiffs have sufficiently demonstrated that they are entitled to jurisdictional discovery. Plaintiffs have adequately shown that a more satisfactory showing of the facts bearing on jurisdiction is necessary and that without such factual development Plaintiffs would suffer prejudice.

## CONCLUSION

For the reasons set forth above, the Court finds that jurisdictional discovery warranted. The Court expects that after the jurisdictional discovery is completed, it will require supplemental information from Plaintiffs and Defendant FedEx Corporation, and the Court is not inclined to consider this matter by cobbling together two additional briefs with the existing briefs once the discovery is completed. The better course is for the parties to re-file their briefs incorporating any new discovery information at a later time.

**IT IS THEREFORE ORDERED** that Defendant FedEx Corporation's Motion to Dismiss (**Doc. 18**) is **DENIED WITHOUT PREJUDICE** at this time.

**IT IS FURTHER ORDERED** that Plaintiffs' request for jurisdictional discovery is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that discovery be opened for a ninety-day period. During this period, discovery shall be limited to the issues surrounding this Court's jurisdiction over Defendant FedEx Corporation.

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge assigned to this case to determine discovery deadlines and handle discovery matters. The discovery is limited to personal jurisdiction matters related to Defendant FedEx Corporation. The Magistrate Judge shall enter a new deadline for the motion to dismiss once the jurisdictional discovery is completed.

**IT IS FURTHER ORDERED** that Defendant may re-file the motion to dismiss within that deadline once the jurisdictional discovery is complete.

_____
 DAVID HERRERA URIAS
 UNITED STATES DISTRICT JUDGE